UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEL CHRISTOPHER HOLMES,<br><br>                  Petitioner,<br><br>    v.<br><br>ROBERT FERGUSON,<br><br>                  Respondent. | CASE NO. 3:20-cv-05718-BJR-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: March 5, 2021 |

The District Court has referred this petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A)–(B) and local Magistrate Judge Rules MJR3 and MJR4.

Petitioner raises a variety of challenges to his August 2018 conviction for promoting a suicide attempt, a conviction for which the Thurston County Superior Court imposed a 31-day sentence. However, petitioner fails to show that he was "in custody" when he filed his petition, where he received 30 days' credit for time served and was no longer in custody, and where he

1  has not shown that he is required to attend any counseling or treatment or is subject to any other
2  significant restraint on his liberty.  Therefore, the habeas petition should be denied.

**BACKGROUND**

Petitioner, who is *pro se* and proceeds *in forma pauperis*, brought this matter in July 2020.  *See* Dkts. 1, 4.  In the operative petition (Dkt. 11), petitioner raises a variety of challenges to his Thurston County Superior Court conviction.  Dkt. 11, at 1, 15.  Respondent has filed the answer and relevant state court record.  *See* Dkts. 17, 18.  The state court record sets forth the following account of the matter.

According to a Washington State Patrol investigative report, on July 23, 2018, petitioner emailed the Administrative Office of the Courts, threatening to "blow [him]self up" outside the Temple of Justice Building the next day if a document from a prior criminal case was not removed from the internet.  *See* Dkt. 18-1, at 53.  The next day, petitioner was arrested and taken into custody in Thurston County.  Dkt. 18-1, at 54.  Petitioner was charged with threatening to bomb or injure property.  Dkt. 18-1, at 52, 56.

Petitioner subsequently pleaded guilty to promoting a suicide attempt pursuant to *In re Personal Restraint of Barr*, 102 Wn.2d 265 (1984), acknowledging that this case provided authority allowing him to plead guilty to "a legal fiction"—promoting a suicide attempt.  Dkt. 18-1, at 60, 69.  The Thurston County Superior Court sentenced petitioner on August 23, 2018.  Dkt. 18-1, at 10.  Although a 31-day sentence was imposed, petitioner was released from custody on August 24, 2018 because he was given credit for 30 days' time served.  Dkt. 18-1, at 5.  Petitioner's sentence also included a requirement that he "comply with Pioneer Human Services Counseling and Housing rules."  Dkt. 18-1, at 11.

Separately, petitioner was later charged with, and pleaded guilty to, gross misdemeanor harassment in King County based on events that occurred in 2017. Dkt. 18-1, at 83, 93. Petitioner had "threatened, without lawful authority, to cause physical damage to the property of Washington Holdings Company located" in Seattle. Dkt. 18-1, at 92. On March 15, 2019, he was sentenced to 364 days' confinement, but his sentence was suspended while he served "CFTS." Dkt. 18-1, at 96, 98.

Petitioner did not pursue a direct appeal of the Thurston County conviction for promoting a suicide attempt. On January 9, 2019, petitioner brought a personal restraint petition ("PRP") in Division Two of the Washington State Court of Appeals. Dkt. 18-1, at 29. Division Two dismissed the petition. *See* Dkt. 18-1, at 241.

Petitioner sought discretionary review of the denial of his PRP, and the Washington State Supreme Court Commissioner denied the request. Dkt. 18-1, at 228, 241–43. The Supreme Court subsequently denied petitioner's motion to modify the Commissioner's ruling (Dkt. 18-1, at 263), and a certificate of finality issued, stating that the matter became final on January 8, 2020. Dkt. 18-1, at 265.

In his operative petition in this Court, petitioner now argues that (1) the "bomb threat statute" (RCW 9.61.1600) is unconstitutionally vague, (2) his convictions in Thurston and King Counties violate double jeopardy, (3) his Thurston County conviction violated a plea agreement, and (4) "the *In re Barr* doctrine conflicts with federal due process." *See* Dkt. 11, at 5, 7, 8, 10 (formatting edited).

**DISCUSSION**

**I. "In Custody"**

1    As a threshold issue, respondent asserts that because petitioner has served his sentence
2  and is not on community custody for his Thurston County charges, he is no longer "in custody"
3  within the meaning of § 2254. *See* Dkt. 17, at 5. The Court requested supplemental briefing on
4  this issue (Dkt. 21) and has received a supplemental brief from respondent. Dkt. 22. Petitioner
5  has not filed any supplemental brief.

6    Section 2254 requires that a petitioner be "in custody" pursuant to the judgment of a State
7  court. The "in custody" requirement means that a petitioner must suffer "present restraint from a
8  conviction" at the time that the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–92 (1989).
9  One can be "in custody" without being in physical custody: a petitioner is "in custody" if he is
10 subject to a significant restraint on his liberty that is not generally shared by the public. *Dow v.*
11 *Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam). Being "in
12 custody" thus includes being on probation (*Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir.
13 2005)) and other situations in which one's freedom is "significantly confine[d] and restrain[ed]."
14 *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

15    Regarding his Thurston County conviction, petitioner is no longer in physical
16 confinement and is not serving a term of community custody. Although a no-contact order was
17 imposed as part of this conviction and sentence (Dkt.11, at 21), being subject to a no-contact
18 order does not render a petitioner "in custody." *See, e.g.*, *Holmes v. Satterberg*, 508 F. App'x
19 660, 660 (9th Cir. 2013) (cataloging cases).

20    Petitioner's judgment and sentence also includes a provision requiring that he comply
21 with "Pioneer Human Services ["PHS"] counseling and housing rules." Dkt. 11, at 22.
22 Petitioner argues that this provision renders him "in custody." Dkt. 19, at 2.

REPORT AND RECOMMENDATION - 4

1    It is petitioner's burden to show that he is "in custody" for purposes of the habeas statute.
2 *See Townsend v. Sain*, 372 U.S. 293, 312 (1963) ("State prisoners are entitled to relief on federal
3 habeas corpus only upon proving that their detention violates the fundamental liberties of the
4 person, safeguarded against state action by the Federal Constitution"), *overruled on other*
5 *grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992); *see also Kokkonen v. Guardian Life*
6 *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing the general rule in civil cases that the party
7 asserting subject matter jurisdiction bears the burden of establishing jurisdiction).

8    Here, petitioner has failed to meet this burden. Petitioner does not explain what, if any,
9 restraint on his liberty is imposed by the notation on his judgment and sentence that he must
10 comply with PHS counseling and housing rules. *See* Dkt. 19, at 2.

11    Courts have found that a petitioner is "in custody" in cases involving some form of
12 mandatory counseling or rehabilitation programming. *E.g.*, *Dow*, 995 F.2d at 922 (involving
13 mandatory participation in 14-hours of alcohol rehabilitation programming); *Yong v. I.N.S.*, 208
14 F.3d 1116, 1118 (9th Cir. 2000) (noting a § 2241 petitioner was in custody when he had to
15 submit to substance testing, a curfew, and provide notice if he would be gone from his halfway
16 house for more than three days); *Profitt v. Howe*, No. 17-CV-07136-JD (PR), 2019 WL
17 1981177, at *1 (N.D. Cal. May 3, 2019) (involving court-ordered participation in counseling as
18 directed by a probation officer, including enrollment in an 18-month alcohol rehabilitation
19 program); *Pauling v. McKenna*, No. C04-2203C, 2005 WL 3132213, at *2 (W.D. Wash. Nov.
20 22, 2005) (involving requirement of attending four domestic violence treatment program
21 sessions). Significantly, these cases have concluded that conditions of a sentence are significant
22 restraints on one's liberty where they prevented a petitioner from "com[ing] and go[ing] as he
23 pleases." *E.g.*, *Dow*, 995 F.2d at 922 (internal citation and quotation marks omitted).

24

1       But there is nothing to support that here, the PHS counseling and treatment requirement

2 prevents petitioner from coming and going as he pleases or otherwise restricts him in any

3 manner.  Petitioner does not explain what, if any, PHS rules he is subject to.  *See* Dkt. 11, at 21.

4 He does not explain how he must be present at any particular place or time, whether he must

5 participate in any programming or treatment, or any other practical effects of this requirement.

6 In short, the Court must rely on speculation to find that petitioner is "in custody" for purposes of

7 his petition, which is inadequate.

8       The Court also notes that petitioner's subsequent King County conviction does not render

9 him "in custody" for purposes of his Thurston County conviction.  Although a petitioner may

10 challenge a prior, expired sentence when serving a consecutive, later sentence (*Garlotte v.*

11 *Fordice*, 515 U.S. 39, 46 (1995)), here, petitioner's King County sentence was not consecutive to

12 his Thurston County sentence.  The King County sentence was imposed on March 15, 2019 (Dkt.

13 18-1, at 98), well after petitioner was released from custody on his Thurston County conviction,

14 in August 2018. Dkt. 18-1, at 5.  And although petitioner may challenge a prior conviction that

15 is used to enhance a later conviction (*Maleng*, 490 U.S. at 492), such a challenge is severely

16 limited.  Petitioner would only be able to challenge his Thurston County conviction on the basis

17 that he was not appointed counsel in his Thurston County proceedings.  *Lackawanna Cty. Dist.*

18 *Attorney v. Coss*, 532 U.S. 394, 404 (2001).  Petitioner does not argue he lacked appointed

19 counsel in his Thurston County proceedings; nor could he succeed on such an argument.  *See*

20 Dkt. 18-1, at 22.

21       Therefore, the petition should be denied on the basis that petitioner fails to show he is "in

22 custody" for purposes of a § 2254 challenge to his Thurston County conviction.  Alternatively,

23

24

even if petitioner were to show that he is "in custody," his habeas petition should be denied for the reasons set forth below.

## II.  Merits

Respondent alternatively argues that even if petitioner is "in custody," he has not shown that he is entitled to habeas relief on the merits of his petition.  If the Court reaches this issue, it should agree with respondent.

### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

The first exception, § 2254(d)(1), allows habeas relief on the basis that an adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  The Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts "materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result.  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, under § 2254(d)(1), "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411; *see Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). An unreasonable application of Supreme Court precedent occurs "if the state court identifies the

1 correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts
2 of the particular state prisoner's case." *Williams*, 529 U.S. at 407.  In addition, a state court
3 decision involves an unreasonable application of Supreme Court precedent "'if the state court
4 either unreasonably extends a legal principle from [Supreme Court] precedent to a new context
5 where it should not apply or unreasonably refuses to extend that principle to a new context where
6 it should apply.'"  *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Williams*, 529
7 U.S. at 407).

8 The second § 2254 exception, § 2254(d)(2), provides for habeas relief if the adjudication
9 "resulted in a decision that was based on an unreasonable determination of the facts in light of
10 the evidence presented in the State court proceeding."  Federal habeas courts must presume the
11 correctness of state courts' factual findings unless applicants rebut this presumption with "clear
12 and convincing evidence."  28 U.S.C. § 2254(e)(1).  Further, review of state court decisions
13 under §2254(d)(1) is "limited to the record that was before the state court that adjudicated the
14 claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).

### B.  Ground One:  "Bomb Threat" Statute

16 Petitioner asserts that the "bomb threat statute," RCW 9.61.160, is unconstitutionally
17 vague and overbroad.  *See* Dkt. 11, at 5.  However, petitioner pleaded guilty to and was charged
18 with a different crime:  promoting a suicide attempt (RCW 9A.36.060).  *See* Dkt. 11, at 15.

19 Respondent asserts that petitioner cannot challenge the bomb threat statute where he was
20 convicted of a different crime.  *See* Dkt. 17, at 12.  Respondent relies on cases involving alleged
21 defects related to bail hearings.  *See* Dkt. 17, at 12.   These cases involved moot claims because
22 the petitioners were being detained as a consequence of their subsequent convictions and no
23 longer of their bail hearings.  *See, e.g.*, *Plumley v. Coiner*, 361 F. Supp. 1117, 1121 (S.D.W. Va.
24

1  1973) (noting that a post-conviction attack on the amount of a petitioner's bail is moot because detention is "on account of [petitioner's] convictions" and "not as a consequence of allegedly excessive bail"), *cited with approval in James v. Reese*, 546 F.2d 325, 328 (9th Cir. 1976).

The Court agrees that similarly here, challenges to the bomb threat statute under which petitioner was charged are moot. "[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018). Here, petitioner was never convicted of making a bomb threat and has not shown any consequences flowing from the bomb threat charge, other than at most a period of his pretrial detention. This is inadequate. *See Plumley*, 361 F. Supp. at 1121; *see also McClary v. Gainey*, No. CIV.A. 06-3642, 2007 WL 1118304, at *3 (E.D. Pa. Apr. 12, 2007) (habeas petition was moot where petitioner was released from pre-trial detention and charges dismissed).

Petitioner has failed to explain why his claim regarding the bomb threat statute is not moot, and accordingly, the Court finds that relief cannot be granted on Ground One.

### C. Ground Two: Double Jeopardy

Petitioner's second ground for relief is that being convicted for both promoting a suicide attempt (by Thurston County) and harassment (by King County) violates double jeopardy. Dkt. 11, at 7.

Regarding this argument, the Washington State Supreme Court Commissioner concluded that "the record shows that he was not convicted in different counties based on the same act but on different acts occurring on different dates. His convictions are not identical in fact and thus do not violate double jeopardy principles." Dkt. 18-1, at 242–43. Under federal law interpreting the prohibition against being placed in double jeopardy, a successive prosecution

1 | does not violate double jeopardy unless the offenses are the same in law and in fact. *See, e.g.*,
2 | *United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003).

3 |      Here, the Thurston County Superior Court convicted petitioner for his July 23, 2018,
4 | threat to blow himself up outside the Temple of Justice if the Administrative Office of the Courts
5 | did not remove a document from the Internet. Dkt. 18-1, at 53. And the King County District
6 | Court convicted petitioner for his July 31, 2017, threat to cause physical damage to property of
7 | the Washington Holdings Company in Seattle. Dkt. 18-1, at 92. These are distinct events and
8 | actions, and petitioner was not subjected to successive convictions for the same conduct.
9 | Petitioner's claim that this was a "continuing course of conduct" is not persuasive as the record
10 | does not support this claim and the case law that he relies upon relates to a different topic—jury
11 | unanimity. *See* Dkt. 11, at 7.

12 |      Thus, petitioner fails to show that the Washington Supreme Court Commissioner
13 | unreasonably applied clearly established federal law or unreasonably determined the facts in
14 | light of the evidence presented when the Commissioner concluded that petitioner failed to show
15 | a double jeopardy violation.

16 |              **D. Ground Three: Violation of Agreement**

17 |      Petitioner's third ground for relief is that Thurston County violated an alleged agreement
18 | not to arrest him as long as he continued treatment at PHS. *See* Dkt. 11, at 8.

19 |      The Commissioner's ruling does not address this argument, so that the Court "looks
20 | through" to the last reasoned decision on this issue: Division Two's opinion. *See Van Lynn v.*
21 | *Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). Division Two rejected petitioner's argument on the
22 | basis that he failed to "show that Thurston County was a party to any such agreement." *See* Dkt.
23 | 18-1, at 26. Petitioner fails to provide any explanation of why this was an unreasonable
24 |

determination of the facts in light of the evidence presented.  And a plea agreement, under federal law, is contractual in nature.  *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985); *United States v. De La Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993); *United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994).  Like any other contract, it is not binding on a non-party to the contract.

Petitioner fails to show that Division Two unreasonably applied clearly established federal law to his claim that Thurston County violated a plea agreement.

### E.  Ground IV:  Due Process Violation

In *In re Barr*, the Washington State Supreme Court held that a defendant may constitutionally plead guilty to a related lesser charge that was not committed (that is, where there is no "factual basis" for the lesser charge), in order to avoid certain conviction for a greater offense.  102 Wn.2d at 269–70.  In Ground Four, petitioner challenges *In re Barr* and argues that it violated due process to allow him to plead guilty to a crime for which there was no factual basis (promoting a suicide attempt).  *See* Dkt. 11, at 10.

The Supreme Court Commissioner rejected this argument, concluding that,

> a plea does not become invalid because an accused person chooses to plead to a related lesser charge that was not committed in order to avoid conviction for a greater offense. . . .  That is what happened here, as Mr. Holmes acknowledged when pleading guilty to a 'legal fiction' to receive the benefit of the State's offer.

Dkt. 18-1, at 242

There is no clearly established Supreme Court case law that a plea must have a factual basis or due process is violated.  Indeed, the Supreme Court has stated in the context of Federal Rule of Criminal Procedure 11 that a factual basis for a plea is not "constitutionally mandated," even if the Rules of Criminal Procedure require otherwise in federal courts.  *McCarthy v. United States*, 394 U.S. 459, 465 (1969).  Thus, petitioner's reliance on Federal Rule of Criminal

Procedure 11 (Dkt. 19, at 2) is misplaced, and petitioner fails to show that the Washington Supreme Court acted contrary to or unreasonably applied any clearly established federal law as determined by the U.S. Supreme Court. *See also Loftis v. Almager*, 704 F.3d 645, 648 (9th Cir. 2012) (addressing a no-contest plea and holding that "[a]mong the requirements imposed on trial judges by [federal] rule—but not by the Constitution—is the finding of a factual basis. . . . [U]nless a plea is accompanied by protestations of innocence or other "special circumstances," the Constitution does not require state judges to find a factual basis."); *see also Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir.1985) (noting a protestation of innocence at the time of plea as a potential special circumstance).

In sum, should the Court reach the merits of petitioner's arguments, his petition should be denied.

**CERTIFICATE OF APPEALABILITY and EVIDENTIARY HEARING**

Petitioners seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner **is not** entitled to a certificate of appealability with respect to this petition.

Regarding whether petitioner is entitled to an evidentiary hearing, the decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 131 S. Ct. 1388 (2011). "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). Under this standard, the Court finds it unnecessary to hold an evidentiary hearing.

### *In Forma Pauperis* on Appeal

Similarly, petitioner's *in forma pauperis* ("IFP") status should be revoked for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). A petitioner satisfies the "good faith" requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir.

1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Appeal from this matter would be frivolous, so that IFP status should be revoked for purposes of any appeal.

## CONCLUSION

The habeas petition (Dkt. 11) should be denied and no certificate of appealability should issue. Petitioner's IFP status should be revoked for purposes of any appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 5, 2021, as noted in the caption.

Dated this 17th day of February, 2021.

J. Richard Creatura
United States Magistrate Judge